Case 1:03-cv-04697-GBD-THK   Document 124   Filed 05/25/10   Page 1 of 9

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 5/25/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
DOUGLAS LEVIN, et al.,                     :
                                           :
                    Plaintiffs,            :
                                           : 03 Civ. 4697 (GBD)(THK)
         v.                                :
                                           : MEMORANDUM
                                           : OPINION AND ORDER
BRUCE RAYNOR, et al.,                      :
                                           :
                    Defendants.            :
------------------------------------------X

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

Plaintiffs in this action, 139 retired officers and staff of the International Ladies' Garment Workers' Union ("ILGWU"), or beneficiaries of those individuals, filed this action in 2003 against ILGWU's successor-in-interest, the Union of Needletrades, Industrial & Textile Employees ("UNITE"), as well as UNITE's Health Benefits Committee, UNITE's formal and "informal" benefit plans (the "Plans"), and four individuals who served as fiduciaries of the Plans (collectively, "Defendants"). Plaintiffs allege that UNITE's decision to decrease what Plaintiffs believe was their "vested" life insurance benefit violated, among other things, various statutory provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"). The case has been referred to this Court for general pretrial supervision.[1]

---

[1] The case was previously referred to this Court for a Report and Recommendation on the parties' motions for partial summary judgment. After the District Court (Hon. George B. Daniels) adopted this Court's Report and Recommendation, granting partial summary judgment in favor of Defendants, only Plaintiffs' claims for breach of fiduciary duty and estoppel remain. See

COPIES MAILED
TO COUNSEL OF RECORD ON 5/25/10

Presently before the Court is a motion by Plaintiffs for substitution of UNITE HERE and Workers United, as the alleged successors-in-interest to Defendant UNITE. For the following reasons, the Court grants the motion in part.

**BACKGROUND**

The Complaint in this action was filed on June 25, 2003. On July 8, 2004, Defendant UNITE merged with the Hotel Employees and Restaurant Employees International Union ("HERE") to form UNITE HERE. Plaintiffs, however, did not request substitution of UNITE HERE as a party in this lawsuit immediately after the merger. In February 2009, a dispute arose within UNITE HERE between members of the two predecessor unions. As a result, several former UNITE members, some of whom are the individual Defendants in this action, filed multiple lawsuits in the Southern District of New York seeking declaratory and injunctive relief regarding the assets of the now-defunct UNITE (the "Gillis Actions").[2] On March 21, 2009, a faction of UNITE HERE's regional joint board members and three Canadian units officially disaffiliated from UNITE HERE to form a new union, Workers United.

In light of this internal dispute among the unions, the attorneys for Defendants in this action have purported to cease

---

Levin v. Raynor, No. 03 Civ. 4697 (GBD) (THK), 2008 WL 4449457, at *3 (S.D.N.Y. Sept. 30, 2008).

[2] See Gillis v. Wilhelm, No. 09 Civ. 1116; Raynor v. Wilhelm, No. 09 Civ. 1374; Romney v. Wilhelm, No. 09 Civ. 1690.

representation of UNITE, and the case has effectively come to a grinding halt. Plaintiffs, therefore, have moved this Court for an order substituting UNITE HERE and Workers United for Defendant UNITE, pursuant to Rule 25(c)(3) of the Federal Rules of Civil Procedure. Plaintiffs contend that UNITE HERE and Workers United are the successors-in-interest to UNITE, and without their presence, the case cannot proceed. (See Plaintiffs' Memorandum of Law in Support of Motion for Substitution, dated Feb. 8, 2010 ("Pls.' Mem."), at 6-8.)

The individual Defendants oppose the substitution, and request that the Court stay this action pending the outcome of the Gillis Actions, at which time the appropriate apportionment of UNITE's assets and liabilities will be known, and either UNITE HERE or Workers United (or both), as the successor(s) to UNITE, can be properly substituted as Defendants. (See Defendants' Memorandum of Law in Opposition to Motion for Substitution, dated Feb. 25, 2010 ("Defs.' Mem."), at 2-4.) UNITE HERE also opposes the substitution, arguing that (1) substituting the feuding unions as new parties will only exacerbate the hostilities between the parties and create case management problems; and (2) the motion is untimely. Further, UNITE HERE proposes that present counsel for Defendants continue with discovery in this suit; UNITE HERE argues that, ultimately, the owner of UNITE's liabilities - as determined in the Gillis Actions - will be called upon to satisfy any

3

potential judgment in this case. (See UNITE HERE's Memorandum of Law in Opposition to Motion for Substitution, dated Mar. 25, 2010 ("UH's Mem."), at 6-9.) Workers United has not taken a position on substitution, although according to UNITE HERE, Workers United's interests are aligned with those of the individual Defendants, some of whom are now officers of Workers United and plaintiffs in the Gillis Actions.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 25(c)(3), "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c)(3). The decision whether to substitute a party as a successor-in-interest "is generally within the sound discretion of the trial court." Organic Cow, LLC v. Ctr. for New England Dairy Compact Research, 335 F.3d 66, 71 (2d Cir. 2003). If a court believes "that the transferee's presence would facilitate the conduct of the litigation," it may order substitution. See 7C Charles Allan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1958 (3d ed. 2007); see also Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc., 13 F.3d 69, 72 (3d Cir. 1993). On the other hand, a court may permit the case to proceed against the original party, although the successor will be bound by any judgment. Luxliner, 13 F.3d at 72. There is no time limitation on

when a party may move for substitution following a transfer of interest. See FDIC v. A. Suna & Co., Inc., 935 F. Supp. 184, 190 (E.D.N.Y. 1995).

In considering a motion for substitution, a court's discretion "may not be abused by allowing substitution in the absence of a transfer of interest." State Bank of India v. Chalasani, 92 F.3d 1300, 1312 (2d Cir. 1996). In other words, a determination that a party is, in fact, a successor-in-interest is a prerequisite to substitution under Fed. R. Civ. P. 25(c)(3). Finally, the determination of whether an entity is a successor-in-interest "involves 'appl[ication] of law to facts.'" Organic Cow, 335 F.3d at 71 (quoting Luxliner, 13 F.3d at 72).

Here, Plaintiffs, Defendants, and non-party UNITE HERE are all in agreement that following the 2004 merger, UNITE HERE became the successor-in-interest to UNITE. (See Pls.' Mem. at 2 ("As a result of the merger, UNITE HERE became UNITE's successor . . . ."); Defs.' Mem. at 2 ("UNITE and [HERE] were consolidated to form UNITE HERE."); UH Mem. at 3 ("When U[NITE] H[ERE] was formed, UNITE and HERE combined all their assets and liabilities, without reservation.").) Although Plaintiffs did not, at the time of the merger, seek to substitute UNITE HERE for UNITE, there was previously no need to do so. Throughout this litigation, counsel for Defendants have acted on behalf of UNITE HERE. (See Exhibit B to Declaration of Janet E. Brown, dated Feb. 8, 2010 ("Brown

Decl."), Defendants' 56.1 Statement ("UNITE HERE is referred to herein as 'UNITE.'").) And, from July 2004 through March 2009, there was no doubt that UNITE HERE was UNITE's successor-in-interest. Therefore, Plaintiffs continued to proceed against UNITE, knowing both that UNITE HERE would be bound by any judgment obtained against UNITE, and that counsel for UNITE spoke on behalf of UNITE HERE.

In early 2009, the landscape of the litigation changed dramatically. After a dispute arose within UNITE HERE, the Gillis Actions were filed, in which former UNITE members alleged ownership over certain UNITE HERE assets previously belonging to UNITE. Thereafter, a faction of union members formally disaffiliated from UNITE HERE to form Workers United. Given the uncertainty over UNITE's assets (and presumably its liabilities as well), counsel for UNITE indicated that they could no longer litigate on UNITE HERE's behalf. As a result, this action was effectively left at a standstill. The over 100 depositions scheduled to be taken of the octogenarian Plaintiffs could not proceed without representation on behalf of UNITE - whether it be counsel for UNITE HERE or Workers United. And settlement talks were stymied as counsel for Defendants no longer had any authority to settle the case. (See Exhibit C to Brown Decl., Email from Defendants' counsel to Plaintiffs' counsel, dated May 6, 2009 ("UNITE HERE is the decision maker.").)

In the Court's view, UNITE HERE must be substituted for UNITE in order to "facilitate the conduct of the litigation." Plaintiffs have demonstrated, and both Defendants and UNITE HERE admit, that UNITE HERE is the successor-in-interest to UNITE as a result of the 2004 merger, despite the existence of a dispute between UNITE HERE and Workers United arising in 2009. Without UNITE HERE's presence in this litigation, the case cannot proceed. The Court cannot adopt Defendants' proposal to stay this litigation pending the outcome of the Gillis Actions. This action was filed nearly a decade ago, and progress has already been delayed by the imposition of two discovery stays. To stall this case any further, while Plaintiffs await the outcome of other cases filed barely a year ago, would be a disservice to the aging Plaintiffs. The need to preserve their testimony is crucial, and so long as counsel for Defendants refuse to move forward representing the union Defendant, its successor-in-interest must be substituted.

Despite UNITE HERE's contention that substitution will create "yet another battleground" for the feuding unions, this claim cannot overcome the interest in permitting Plaintiffs to proceed with this action against UNITE's successor-in-interest - UNITE HERE - irrespective of whether or not Workers United ultimately establishes any right to UNITE's assets and liabilities. As an initial matter, it is not uncommon to have co-defendants whose interests are not directly aligned. Further, in ordering

substitution, the Court is not making any determination as to the allocation of assets and liabilities between UNITE HERE and Workers United. That question remains to be decided in the Gillis Actions. Finally, UNITE HERE undermines its own argument, by proposing that counsel for Defendants proceed with this case, while at the same time arguing that counsel for Defendants "could not represent U[NITE] H[ERE]." (See UH Mem. at 7.) As the present, and potentially future, successor-in-interest to UNITE, UNITE HERE would be bound by any judgment against Defendants; certainly, UNITE HERE does not propose having counsel for the individual Defendants - whose interests are now adverse to UNITE HERE in the Gillis Actions - defending this case on its behalf.[3]

The Court does not, however, find that substitution of Workers United is appropriate at this time. As noted, UNITE HERE indisputably became the successor-in-interest to UNITE following the 2004 merger. It was only after the Gillis Actions were filed in 2009, and Workers United was formed, that any dispute arose as to the ownership of UNITE's assets and liabilities. But, until the plaintiffs in the Gillis Actions succeed, UNITE HERE is the only successor-in-interest to UNITE. Because the Court cannot yet definitively conclude that Workers United is Defendant UNITE's

---

[3] UNITE HERE's proposal is more likely driven by its desire to deflect the pre-trial costs of defending this litigation. The Court has no doubt that if UNITE were a plaintiff, UNITE HERE would be actively requesting substitution.

8

successor-in-interest, substitution of Workers United is not warranted at this time. See Chalasani, 92 F.3d at 1312 (holding that a court cannot "allow[] substitution in the absence of a transfer of interest"). Nonetheless, the Court is confident that Workers United's interests will be represented here as the individual Defendants are former UNITE officers who "have all moved to 'Workers United,'" some of whom are plaintiffs in the Gillis Actions. (See UH Mem. at 9.) Once the allocation of UNITE's assets and liabilities is determined in the Gillis Actions, the Court may, on motion, reconsider substitution of Workers United as a Defendant in this action.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that UNITE HERE be substituted for UNITE as a Defendant in this action. Counsel for current Defendants and counsel for new Defendant UNITE HERE are to meet and confer with counsel for Plaintiffs to coordinate discovery in this action moving forward, including but not limited to, a plan to complete the depositions of Plaintiffs, which may be conducted by telephone, if necessary.

So Ordered.

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: May 25, 2010
       New York, New York

9